IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                    CASE NO. 1:16-CR-10002

WILLIAM O'DELL                                                                           DEFENDANT

### ORDER

Before the Court is Defendant William O'Dell's Motion to Dismiss Indictment. ECF No. 18. The Government has responded. ECF No. 19. The matter is ripe for the Court's consideration. For the reasons discussed below, Defendant's motion is denied.

### BACKGROUND

Defendant is charged in a one count indictment for failure to register as a sex offender in violation of 18 U.S.C. § 2250, the Sex Offender Registration Notification Act ("SORNA"). ECF No. 11. Specifically, the indictment alleges that, between May 29, 2015, and July 29, 2015, Defendant was required to register a sex offender, traveled in interstate or foreign commerce, and knowingly failed to update his registration as required by the SORNA.

On December 6, 1996, Defendant was convicted of aggravated incest in Desoto Parish, Louisiana. Because of this conviction, Defendant was required to register as a sex offender for the duration of his lifetime. On May 31, 2012, Defendant registered as a sex offender in Claiborne Parish, Louisiana. As part of his registration, he was required to read and sign an acknowledgement of duties to register as a sex offender. Defendant acknowledged that he understood he was required by law to report any information changes within three days to the Claiborne Parish Sheriff's Office. He further acknowledged that he understood he was to register with the Claiborne Parish Sheriff's Office every three months. ECF 19-1.

On July 17, 2015, the Union County Sheriff's Office ("USCO") received information that O'Dell was living in El Dorado, Arkansas. The USCO contacted the Claiborne Parish Sheriff's Office in Louisiana and asked them to verify O'Dell's last known address. It was confirmed that O'Dell was no longer living at his registered location in Louisiana and that he was living in El Dorado, Arkansas. O'Dell, however, allegedly failed to register as a sex offender in Arkansas as required by the SORNA.

## DISCUSSION

Defendant moves to dismiss the indictment, alleging that the SORNA's registration requirement and criminal provisions violate the Commerce Clause of the United States Constitution. SORNA requires a sex offender to register in each jurisdiction where he or she resides, works, or is a student and to update the registration within three business days of a "change in name, residence, employment, or student status." 42 U.S.C. § 16913(a) and (c). Defendant allegedly failed to register when he moved to Arkansas. The SORNA provides that a sex offender who travels in interstate commerce and knowingly fails to register shall be fined or imprisoned not more than ten years, or both. 18 U.S.C. § 2250(a).

Defendant contends that the SORNA's registration requirement and criminal provisions violate the Commerce Clause as a congressional overreach of federal authority. The Eighth Circuit, however, has clearly held that the SORNA registration and criminal provisions are a valid exercise of congressional authority and do not violate the Commerce Clause. *U.S. v. Howell*, 552 F.3d 709, 713, 717 (8th Cir. 2009); *U.S. v. May*, 535 F.3d 912, 951-22 (8th Cir. 2008), *abrogated on other grounds by Reynolds v. United States*, 132 S. Ct. 975 (2012).

In *Howell*, the Eighth Circuit held that both 18 U.S.C. § 2250 and 42 U.S.C. § 16913 are constitutionally authorized under the Commerce Clause. "Based upon the language, statutory

scheme, declaration of purpose, and legislative history of SORNA," the court found that the SORNA "was intended to regulate the interstate movement of sex offenders," and thus was a necessary and proper means to regulate under the commerce clause. *Howell*, 552 F.3d at 717. In *May*, the Eighth Circuit addressed the constitutionality of 18 U.S.C. § 2250 under the commerce clause and held that Congress had not exceeded its authority.

Defendant argues that the Eighth Circuit's holdings are erroneous based upon the Supreme Court's opinions in *U.S. v. Lopez*, 514 U.S. 549 (1995) and *U.S. v. Morrison*, 529 U.S. 598 (2000) because failing to register as a sex offender does not affect interstate commerce. The Eighth Circuit has foreclosed Defendant's success on this argument. In *May*, the court found that the aims of § 2250 fell squarely within the commerce power, as delineated in *U.S. v. Lopez*, 514 U.S. 549, 558-59 (1995). *May*, 535 F.3d 912. *Lopez* and *Morrison* required a determination as to whether the intrastate activity at issue substantially affected interstate commerce. *Lopez*, 514 U.S. at 559; *Morrison*, 529 U.S. at 609. Congress, however, set out a jurisdictional predicate in the SORNA. The SORNA does not reach a sex offender who fails to register and remains within one state; the SORNA applies to a sex offender under state law only if that person fails to register and "travels in interstate or foreign commerce, or enters and leaves, or resides in, Indian country." 18 U.S.C. § 2250(a)(2)(B).

Defendant also argues that, based upon the Supreme Court's opinion in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012) (*NFIB*), the Eighth Circuit erred in its previous holdings. Defendant argues that the decision in *NFIB* supports his claim that the SORNA's registration requirements, and its enforcement provision, exceed Congress's Commerce Clause authority.

3

In *NFIB*, the Supreme Court addressed the constitutionality of the individual mandate provision of the Patient Protection and Affordable Care Act and held that the individual mandate was not within Congress's Commerce Clause power. Chief Justice Roberts stated that "[t]he individual mandate . . . does not regulate existing commercial activity. It instead compels individuals to become active in commerce by purchasing a product."[1] *NFIB*, 132 S. Ct. at 2587. Defendant argues that, likewise, SORNA is an attempt by Congress to regulate inactivity and to compel an individual to act by registering as a sex offender. This argument, however, is adverse to the Eighth Circuit's opinion in *Howell*, which states that "Congress enacted SORNA to track the interstate movement of sex offenders" and not to compel offenders to register. *Howell*, 552 F.3d at 716. Additionally, the Eighth Circuit has ruled that the constitutionality of the SORNA under the Commerce Clause, repeatedly upheld prior to the *NFIB* decision, remains intact. *U.S. v. Anderson*, 771 F.3d 1064, 1069-70 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1575 (2015).

## CONCLUSION

Accordingly, the Court finds that the SORNA is a valid exercise of Congress's authority under the Commerce Clause. Defendant's Motion to Dismiss Indictment (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED**, this 25th day of March, 2016.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge

---

[1] As the Eighth Circuit has noted, *NFIB* provides "no controlling opinion on the issue of whether provisions of the Affordable Care Act violated the Commerce Clause." *U.S. v. Anderson*, 771 F.3d 1064, 1068 n.2 (8th Cir. 2014); *see also U.S. v. Robbins*, 729 F.3d 131, 135 (2d Cir. 2013) ("It is not clear whether anything said about the Commerce Clause in NFIB's primary opinion—that of Chief Justice Roberts—is more dicta, since Part III-A of the Chief Justice's opinion was not joined by any other Justice and, at least arguably, discussed a bypassed alternative, rather than a necessary step, in the Court's decision to uphold the Act.").